### In re CUMMINGS, etc.

(*Circuit Court, S. D. New York.*   August 18, 1887.)

**1. IMMIGRATION—UNDER CONTRACT TO LABOR—SCOPE OF ACTS.**

The act of congress of February 26, 1885, and the amendment thereto of February 23, 1887, clearly prohibit the immigration of aliens under a contract to labor in the United States, and an immigrant under such a contract may be prevented from landing. The claim that only the persons soliciting or encouraging the immigration are affected by the acts cannot be sustained.

**2. SAME—EXCEPTION OF PERSONAL AND DOMESTIC SERVANTS—FARM LABORER.**

An immigrant arriving in this country, under a contract to labor on a dairy farm, the product of which, or a part thereof, forms an article of merchandise that competes with others in a similar business, and whose passage here has been paid by the agent of the employer, is not within the exception under the act of congress of 1885, § 5, which provides that the prohibition therein contained shall not apply to persons employed strictly as personal or domestic servants, etc.

**3. SAME—EFFECT OF COLLECTOR'S DECISION—SECOND HEARING.**

The decision of the collector upon the *status* of an immigrant whose right to land in the United States is challenged on the ground that he is under a contract to labor, is conclusive, and not open to review in the courts on *habeas corpus*, if there was competent evidence before the collector on which to exercise his judgment; and, if *habeas corpus* proceedings are resorted to, and facts not previously placed before the collector are therein disclosed, the whole case may afterwards be again presented to the collector.

Writ of *Habeas Corpus.*
*Harrington Putnam*, for Cummings.
*Stephen A. Walker*, U. S. Atty., and *Abram J. Rose*, Asst. U. S. Atty., for the collector.

LACOMBE, J. The relator, Matthew Cummings, is an alien, and arrived here on the steam-ship Anchoria. Before sailing, a contract was made through one Latta, on behalf of W. A. Sudduth, a lawyer of Flemingsburgh, Kentucky, that Cummings was to labor for him in Kentucky as farm servant or dairyman, and the passage money of Cummings and his family was paid by Latta. As dairyman, the relator would have charge of a herd of 25 Jerseys. The collector, upon the facts before him, has determined that Cummings was prohibited from landing, under the acts of congress of February 26, 1885, and February 23, 1887. Under stipulation, the immediate return of Cummings was delayed in order to allow of the presentation of additional facts as to the character of service he was to render, which facts have been obtained by interrogatories to his employer in Kentucky.

In behalf of the relator it is contended:

1. That the act contains no punishment against the immigrant; that no person other than those soliciting and encouraging the immigration are within the prohibition of the act; and that, therefore, the amendatory act of 1887, which directs that the immigrants shall be sent back to the nations from which they came, provides a penalty for one who has committed no offense, and is therefore void. The acts are inartificially drawn, but, interpreted together, they plainly indicate an intention on

the part of congress to prohibit the immigration of aliens under a contract to labor, and, in view of the phraseology of the title to the act, that body seems to have prohibited their landing with sufficient clearness.

2. The relator further contends that he is within the exception of the fifth section, which provides that the acts shall not apply to persons employed strictly as personal or domestic servants. There was before the collector when he made his decision, legal and competent evidence of facts on which to exercise a judgment as to the *status* of the relator. Under these circumstances, the matter being within the jurisdiction of the collector under the act, further consideration of the case might be dispensed with under the authority of *In re Day*, 27 Fed. Rep. 678, and cases there cited. Upon all the proofs, however, as well those which were before the collector as those since supplied through the answers to the interrogatories, I am of the opinion that the relator is not within the exception; because it appears that his labor will (in part at least) be devoted to the production of merchandise (the surplus dairy products of the herd being sold on the market) which competes with the products of others whose entire attention is given to manufacturing such products. Manifestly, it was the intention of congress to exclude immigrants coming to this country under contract to perform such labor. The facts disclosed by the answers to the interrogatories, however, have never been placed before the collector, and therefore, under the authority of *In re Day*, 27 Fed. Rep. 681, the whole case may be again presented to him, if the relator so desires. Ordered accordingly.